# ARCHIBALD ARMOUR

*v.*

# DANIEL EICHELBERGER.

PROMISSORY NOTE—*whether affected by a rescission of contract.* The purchaser of land under a contract gave his notes at the times the first three installments of interest fell due, for an extension of the time of payment, as was claimed by the one, and in payment of interest, as was claimed by the other, and afterwards finding himself unable to complete his purchase, informed the vendor that he could not pay for the property, and requested him to take it back and surrender these notes. This the vendor declined to do. Afterwards the contract was rescinded, without the surrender of the notes, by mutual consent: *Held,* that the notes so left in the hands of the vendor were valid obligations, and a recovery thereon was proper, as the purchaser acquiesced in their being retained at the time of the rescission of the contract of sale.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, by the appellee against the appellant, upon certain promissory notes given by the latter to the former. It appeared that the appellee sold appellant certain real estate, evidenced by a contract only, no notes being given for the purchase money. As the several installments of interest became due, appellant, being unable to pay, gave the notes sued on, as he contended, merely for an extension of the time of payment, and, as the other party contended, as payments of interest. The other facts material to an understanding of the case are stated in the opinion.

Messrs. BLANCHARD, SILVER & CORWIN, and Messrs. ELDRIDGE & LEWIS, for the appellant.

Messrs. STIPP & BOWEN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

One view which may properly be taken of the evidence in this case, dispenses with the necessity of any discussion as to the effect of a rescission of the contract of purchase, or the questions chiefly argued, whether the notes were given for extension of time of payment, or in discharge of interest which had accrued.

The decided weight of the testimony is, that the rescission of the contract was the result of the mutual agreement of the parties.

The vendee failed to comply with the terms of purchase, informed the vendor that he could not pay for the property, and requested him to take it back. It is true, he desired the surrender of the notes in controversy. This was refused, and the vendor assumed control of the property, but no demand was made for the notes by the vendee. He acknowledged his utter inability to comply, voluntarily refused to proceed to fulfil his stipulations, and the jury might fairly have indulged the inference that he absolutely renounced all benefit arising out of the contract.

The vendor was anxious and ready to perform. He had made a good bargain, and the market value of the property had depreciated since the sale. The vendee, on the contrary, though he had made some improvements, had enjoyed the rents and profits for nearly three years, was still liable for the whole of the purchase money, proposed a rescission, and, though he expressed a wish for the notes given for interest accrued, he yielded the control of the property, and acquiesced in the collection of rents, and the possession of the notes, by the vendor, without any complaint.

We are not satisfied that any injustice has been done, and affirm the judgment.

*Judgment affirmed.*